# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: June 28, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | Unpublished |
| RICHARD ROBINSON, | * | |
| | * | No. 19-2011V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Attorneys' Fees and Costs. |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

*Meredith Daniels*, Conway Homer, P.C., Boston, MA, for petitioner.
*Alexis B. Babcock*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 10, 2022, Richard Robinson ("petitioner") filed a motion for attorneys' fees and costs. Motion for Attorneys' Fees and Costs ("Fees App.") (ECF No. 60). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$71,006.72.**

### I.     Procedural History

On December 31, 2019, petitioner filed a petition for compensation under the National Vaccine Injury Program.[2] Petition at Preamble (ECF No. 1). The petition sought compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu") vaccine on November 3, 2017. *Id.* at Preamble. Petitioner alleges that as a result of receiving the flu vaccine, he suffered from acute disseminated encephalomyelitis ("ADEM"). *Id.* at Preamble.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On November 15, 2021, the parties filed a stipulation recommending that compensation be awarded to the petitioner, which I approved the same day. Stipulation Decision (ECF No. 54). On February 10, 2022, petitioner filed a motion for final attorneys' fees and costs. Fees App. Petitioner requests $61,596.60 in attorneys' fees and $9,566.12 in attorney's costs, coming to a total of $71,162.72. *Id*. at 2. Pursuant to General Order #9, petitioner submitted his signed statement stating that all costs were incurred by petitioner's counsel. General Order #9 Statement (ECF No. 61).

Respondent filed her response on February 11, 2022, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 62). Respondent respectfully recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs. *Id*. at 3.

The matter is now ripe for adjudication.

II.     **Applicable Legal Standards**

The Vaccine Act provides that the special master shall award "reasonable" attorneys' fees and costs for any petition that results in an award of compensation. § 300aa–15(e)(1). In this case, petitioner was awarded compensation pursuant to a joint stipulation. Therefore, he is entitled to an award of reasonable attorneys' fees and costs.

Under the Vaccine Act, an attorney's "reasonable" hourly rate is the "prevailing market rate, defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Avera*, 515 F.3d at 1347-48 (internal quotations omitted). In determining attorneys' fees, a court should generally use the forum rate, i.e., the rate applicable to the forum in which the court sits – in this instance, the District of Columbia – unless the attorney performed the bulk of his or her work outside the forum and there is a "very significant" difference in compensation rates between the place where the work was performed and the forum. *Id*. at 1348-49 (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). The Federal Circuit has determined that the forum rate is effectively a ceiling. *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1385-86 (Fed. Cir. 2011).

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). A request for attorneys' fees should be supported by contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgement, [is] reasonable for the work done." *Id*. at 1552. The special master may reduce a request *sua sponte*, apart from objections raised by respondent and without providing petitioner notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-

by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

The "reasonableness" requirement also applies to costs. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). A request for costs incurred by either counsel or the petitioner himself should include supporting documentation, such as invoices from experts and itemized receipts. Like a request for attorneys' fees, a request for costs may be reduced *sua sponte* and based on the special master's experience and discretion.

### III.   Reasonable Attorneys' Fees

Petitioner requests a total of $61,596.60 in attorneys' fees in various rates of compensation for the attorneys who worked on his case, predominantly Ms. Meredith Daniels, but also Mr. Ronald C. Homer, Ms. Christina M. Ciampolillo, Mr. Patrick Kelly, Mr. Joseph M. Pepper, Ms. Lauren E. Faga, Mr. Nathanial Enos, as well as paralegals and law clerks. Fees App. at 31-32. The attorneys have requested reimbursement for their services from 2016 to 2021 at the following rates below:

|                          | 2018  | 2019  | 2020  | 2021  | 2022  |
|--------------------------|-------|-------|-------|-------|-------|
| **Meredith Daniels**     | $294  | $320  | $350  | $350  | $350  |
| **Ronald C. Homer**      | n/a   | n/a   | $447  | $447  | $447  |
| **Christina M. Ciampolillo** | n/a | $350 | $380  | $380  | n/a   |
| **Patrick Kelly**        | n/a   | $205  | $225  | $225  | n/a   |
| **Joseph M. Pepper**     | n/a   | n/a   | $355  | $355  | n/a   |
| **Lauren E. Faga**       | n/a   | n/a   | n/a   | $330  | n/a   |
| **Nathanial Enos**       | n/a   | n/a   | n/a   | n/a   | $230  |
| **Paralegals**           | $142  | $145  | $155  | $155  | $155  |
| **Law Clerks**           | n/a   | $155  | $155  | n/a   | n/a   |

I have reviewed the requested rates and find them to be in conformance with what Conway Homer, P.C. attorneys and staff have previously been awarded for their work by myself and other special masters. *See, e.g., Keener v. Sec'y of Health & Human Servs*, No. 16-791V, 2021 U.S. Claims LEXIS 833 (Fed. Cl. Spec. Mstr. Apr. 14, 2021); *Ginn v. Sec'y of Health & Hum. Servs.*, No. 16-1466V, 2020 U.S. Claims LEXIS 2679, 2020 WL 7774606 (Fed. Cl. Spec. Mstr. Dec. 4, 2020). Accordingly, no adjustment to the requested rates is necessary.

Upon review of the submitted billing statement, I find the hours billed are largely reasonable.  However, a small amount must be reduced for attorney time billed for review of status reports and other routine fillings prepared by other attorneys. *See Trimble v. Sec'y of Health and Human Servs.*, No. 20-621V, 2021 U.S. Claims LEXIS 2959 (Fed. Cl. Spec. Mstr. Dec. 13, 2021).  It is common practice for Conway Homer, P.C. to have several attorneys assist over the course of a case.  In some instances, such as when preparing substantive documents like the petition, briefs, and settlement demands, it is reasonable to have another set of eyes review the document.  However, it is not reasonable to have an attorney bill for time to review routine filings, such as status reports and motions for enlargement of time, when those filings were prepared (and billed for) by another attorney. To offset these issues, the undersigned finds a

3

reduction of $156 to be appropriate in this case. Accordingly, petitioner is awarded final attorneys' fees of $61,440.60.

### a. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $9,566.12. This amount is comprised of acquiring medical records, postage, copying, and in large part for the work performed by Maureen P. Clancy for life care planning services. Ms. Clancy charged $150 per hour for her services for a total of 56.1-hours, coming to a total of $8,415.00. I have previously found the rate of $150 per hour for life care planning services to be reasonable. *See Jones v. Sec'y of Health & Human Servs.*, No. 11-70V, 2014 U.S. Claims LEXIS 1486, 2014 WL 7508006, at *13 (Fed. Cl. Spec. Mstr. Dec. 4, 2014). Accordingly, I find it appropriate to award the total requested attorneys' costs of $9,566.12.

## IV. Conclusion

In accordance with the foregoing, petitioners' application for final attorneys' fees and costs is **GRANTED**. I find they are entitled to the following reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested: | $61,596.60 |
| Reduction of Attorneys' Fees: | - $156.00 |
| **Attorneys' Fees Awarded:** | **$61,440.60** |
| | |
| Attorneys' Costs Requested: | $9,566.12 |
| Reduction of Attorneys' Costs: | $0.00 |
| **Attorneys' Costs Awarded:** | **$9,566.12** |
| | |
| Total Attorneys' Fees and Costs Requested: | $71,162.72 |
| **Total Attorneys' Fees and Costs Awarded:** | **$71,006.72** |

Accordingly, I award the following:

1) **A lump sum in the amount of $71,006.72, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check jointly payable to petitioner, Richard Robinson, and Conway Homer, P.C.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

5